**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 98-575-1 PCT-RCB |
| Plaintiff, | **ORDER** |
| vs. | **REVOKING SUPERVISED RELEASE** |
| Tyrel Tyrrel Little, | |
| Defendant. | |

A petition for revocation of supervised release having been filed and hearings held with the defendant and counsel present, and the defendant having previously admitted violation of standard condition #3 in paragraphs B of the petition.

The Court has considered the factors set forth in 18 U.S.C. § 3583(e), U.S. Sentencing Commission Chapter 7 policy statements, the original guideline range, statements of the parties, and all documentation submitted, including the disposition report.

IT IS ORDERED revoking the defendant's supervised release and the defendant, Tyrell Tyrrel Little, shall be committed to the custody of the Bureau of Prisons for a term of **SIX (6) MONTHS**.

IT IS FURTHER ORDERED upon release from the Bureau of Prisons, defendant is placed on supervised release for a term of up to **FORTY-EIGHT (48) MONTHS**, under the standard conditions adopted by this court in General Order 05-36. The defendant shall not

commit another federal, state, local or tribal crime during a term of supervision and shall abstain from the use of illicit substances. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the Probation Office in the district to which the defendant is released. The defendant shall comply with the following additional special conditions,

1. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

2. You shall attend a sex offender treatment program as approved by the assigned probation officer. Treatment shall include physiological testing such as plethysmography and ABEL Assessment. You shall abide by the policies and procedures of that program. You shall contribute to the cost of treatment in an amount if any to be determined from time to time by the probation officer.

3. You shall submit to periodic polygraph testing as approved by the probation officer as a means to determine compliance with the requirements of your therapeutic program. No violation proceedings will arise solely on the results of a polygraph examination or a valid Fifth Amendment refusal to answer a polygraph question.

4. You shall reside in a residence approved, in advance, by the assigned probation officer. Any changes in the residence must be pre-approved by the probation officer.

5. You shall not be in the company of or have contact with children under the age of 18 years without prior approval of the probation officer. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any such contact with children to the probation officer.

6. You shall not directly or indirectly contact the victim or the victim's family without prior approval of the probation officer. Indirect contact includes, but is not limited to, letters, communication devices, audio or visual devices, or communication through a third party. You shall immediately report any such contact to the probation officer.

7. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256. You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by the probation officer. You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

8. You are restricted from engaging in any occupation, business, or profession where you have access to children under the age of 18 years, without prior approval of the probation officer. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

9. You shall register with all state federal and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation or a student as directed by the probation officer.

10. You shall participate in a mental health program if and as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount if any to be determined by the probation officer.

11. You are prohibited from owning, possessing, maintaining or using a firearm.

12. You shall participate in a Home Confinement Program with electronic monitoring under the sanction of detention for a period of up to 180 days at the discretion of the probation officer. You shall contribute to the cost of electronic monitoring in an amount to be determined time to time by the probation officer.

13. You shall not possess or use any computer with access to any "on-line computer service" at any location (including place of employment) which shall include any cell phone ownership or use or possession with the intent to access prohibited materials as determined in this Order without the prior approval of the probation officer. This includes any Internet Service Provider, bulletin board system, cell phone or any other public or private network or e-mail system.

IT IS FURTHER ORDERED dismissing allegations A and C of the petition.

1   The defendant is remanded into the custody of the United States Marshal's Service.

2   The defendant is advised of his right to appeal within 14 days.

3   DATED this 24th day of May, 2011.

```
_____
Robert C. Broomfield
Senior United States District Judge
```